IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAYNE EICHLER,

    Petitioner,                   No. CIV S-07-0516 GEB DAD P

    vs.

J. SUBIA, et al.,

    Respondents.             ORDER

_____/

      Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed an application requesting leave to proceed in forma pauperis and a request for a stay of the proceedings.

      Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

      The Supreme Court has affirmed the district court's discretion to stay a federal habeas proceeding to allow the petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition. Rhines v. Weber, 544 U.S. 269, 277 (2005). See Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal

1

petitions pending exhaustion of other claims); <u>Calderon v. United States Dist. Court (Taylor)</u>, 134 F.3d 981, 987-88 (9th Cir. 1998) (recognizing the district court's authority to allow a petitioner to amend a mixed petition to delete unexhausted claims and hold the fully exhausted petition in abeyance). The Supreme Court cautioned, however, that "stay and abeyance should be available only in limited circumstances" and that a stay "is only appropriate when the district court determines there is good cause for the petitioner's failure to exhaust his claims first in state court." 544 U.S. at 277. Even if a petitioner shows good cause, the district court should not grant a stay if the claims are plainly meritless. <u>Id.</u> Finally, federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. <u>Id.</u> at 277-78

Petitioner's pending motion is vague and conclusory. The court is unable to determine whether petitioner has good cause for having failed to exhaust all claims before filing this action, whether petitioner's unexhausted claim is potentially meritorious, and whether petitioner has acted with diligence. <u>See</u> <u>Taylor</u>, 134 F.3d at 987 nn. 8 & 11 (failure to make a showing of diligence in pursuing additional claims may foreclose a stay). For these reasons, petitioner's request will be denied without prejudice and petitioner may file a new motion for a stay and abeyance.

Petitioner will be granted thirty days to file a new motion to stay proceedings. The motion must (1) show good cause for petitioner's failure to exhaust all claims prior to filing this action, (2) identify petitioner's unexhausted claims and demonstrate that each is potentially meritorious, (3) describe the status of state court proceedings on the unexhausted claims, and (4) demonstrate that petitioner has acted with diligence in pursuing additional claims.

The court will also order petitioner to file an amended habeas petition which clearly and succinctly identifies each of petitioner's claims, and which explains with respect to each claim whether state court remedies have been exhausted on direct appeal or in a state habeas action. It is not necessary for petitioner to cite case law or to submit a legal brief in support of

his claims at this time.  Petitioner need only identify each claim, and provide some factual allegations in support of each claim.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's March 16, 2007 application requesting leave to proceed in forma pauperis is granted;

2. Petitioner's petition for writ of habeas corpus is dismissed;

3. Petitioner is granted thirty days from the date of service of this order to file an amended petition that complies with the requirements of the Federal Rules of Civil Procedure; the amended petition must bear the docket number assigned this case and must be labeled "Amended Petition;" petitioner must file an original and one copy of the amended petition; petitioner's failure to file an amended petition in accordance with this order will result in the dismissal of this action;

4. Petitioner's September 21, 2007 request for a stay and abeyance is denied without prejudice; and

5. Within thirty days from the service of this order, petitioner shall file a new motion for a stay and abeyance as set forth in this order.

DATED: November 5, 2007.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
eich0516.9sty