IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAYNE EICHLER,

        Petitioner,                      No. CIV S-07-0516 GEB DAD P

    vs.

J. SUBIA, et al.,

        Respondents.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is petitioner's request for a stay and abeyance.

        On March 16, 2007, petitioner filed his federal habeas petition challenging his 1995 conviction in the Yuba County Superior Court for driving a vehicle in a reckless manner to elude a pursuing peace officer in violation of California Vehicle Code § 2800.2 and a sentencing enhancement imposed pursuant to California Penal Code § 667.[1] (Am. Petition at 2.)[2] Petitioner's petition for review was denied by the California Supreme Court on April 19, 1999.

---

[1] Vehicle Code § 2800.2 was renumbered § 2800.3, and amended by Stats. 1988, c. 504, § 2.

[2] The page numbers on the form petition start with page "2."

1

On December 6, 2004, the Yuba County Superior Court denied petitioner's habeas petition.[3] On April 6, 2006, the California Court of Appeal for the Third Appellate District, denied petitioner's habeas petition.[4] On February 7, 2007, the California Supreme Court denied petitioner's habeas petition.[5] Petitioner contends that all of the claims presented in his federal petition are exhausted except for a claim he describes as "specific performance of plea claim." (Req. for Stay and Abeyance, Attach. (Req. for Stay) at 1.)

This is petitioner's second request for a stay and abeyance. On November 6, 2007, petitioner's first such request was denied without prejudice. At that time the court advised petitioner that his request was vague and conclusory and that the court was unable to determine whether he had good cause for failing to exhaust all his claims before filing his federal petition, whether the unexhausted claim was potentially meritorious, and whether petitioner had acted diligently. (Order, filed Nov. 6, 2007 at 2.) Petitioner has failed to cure the previously noted defects in his second request for a stay and abeyance. Petitioner presents a vague summary of reasons why he was unable to discover the unexhausted claim earlier. Petitioner mentions his difficulty with law library access, his physical and mental condition, the complexity of his claim, prison transfers, lockdowns, and administrative segregation placements, and the actions of the lawyers, doctors and judges involved in "organized drug rings, pedophine rings, and numerous other nefarious activities[.]" (Req. for Stay at 1-3.) Petitioner states his belief that his specific performance claim is meritorious; however, he fails to provide any arguments in support of this ground for relief. (Id. at 3, 5.) Petitioner also argues in conclusory fashion, that he has acted diligently but that his case "just kept going on, and unfolding, into more and more as time went on . . . ." (Id. at 4.)

---

[3] The petition was denied on the grounds that petitioner failed to provide facts in support of his legal contentions. See Amended Petition (Court Doc. No. 10) at 16.)

[4] See id. at 17.

[5] See id. at 18.

2

1       Petitioner still has not satisfied the requirements for stay and abeyance set out by
2 the Supreme Court in <u>Rhines v. Weber</u>, 544 U.S. 269 (2005).  In this regard, he has not
3 demonstrated "good cause for the petitioner's failure to exhaust his claims first in state court" nor
4 has he demonstrtaed that his specific performance claim is "potentially meritorious[.]"  <u>Id.</u> at
5 277-78.

6       Accordingly, IT IS HEREBY RECOMMENDED that petitioner's December 17,
7 2007 request for stay and abeyance be denied with prejudice.[6]

8       These findings and recommendations are submitted to the United States District
9 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
10 days after being served with these findings and recommendations, petitioner may file written
11 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
12 Findings and Recommendations."  Petitioner is advised that failure to file objections within the
13 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
14 F.2d 1153 (9th Cir. 1991).

15 DATED: November 4, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

19 DAD:4
eich0516.sty2

---

[6] In an order filed concurrently with these findings and recommendations, the court will direct respondents to file their response to petitioner's amended habeas petition which contains his exhausted claims.